UNITED STATES DISTRICT COURT
Southern District of Texas – Houston Division

| | | |
|---|---|---|
| BOBBY HASKETT,<br>PLAINTIFF | § § § | CASE NUMBER: 4:25-cv-5738 |
| VS. | § § § | |
| FIRST PORTFOLIO VENTURES II, LLC, | § § § | |
| & | § § | DEMAND FOR JURY TRIAL |
| JAVITCH BLOCK, LLC | § § § | |
| DEFENDANTS | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1.      Plaintiff, BOBBY HASKETT, hereinafter referred to as HASKETT or Plaintiff, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Texas Debt Collection Act, Texas Finance Code § 392, *et seq.* ("TDCA"), and the Deceptive Trade Practices Consumer Protection Act, Texas Business and Commerce Code Chapter 17, Subchapter E, *et seq.* (DTPA), to obtain statutory damages, actual damages, and other relief for the Defendants' violations of the FDCPA, TDCA, and DTPA.

2.      Defendant, FIRST PORTFOLIO VENTURES II, LLC, hereinafter referred to as FPV, is a third-party debt buyer who acquired an account from original creditor Oportun, Inc. ("Oportun"), in an attempt to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Oportun. The alleged Debt required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the

subject thereof and the same were primarily for personal, family, or household purposes. FPV can be served by and through their registered agent: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3. Defendant JAVITCH BLOCK, LLC, hereinafter referred to as Javitch, is a law firm who represents third-party debt buyers who acquire accounts from original creditors in attempts to collect consumer debts. Javitch can be served by and through their registered agent: Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, TX 78735.

## JURISDICTION AND VENUE

4. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392, *et. seq.*, and the Deceptive Trade Practices Consumer Protection Act ("DTPA"), Texas Business and Commerce Code Chapter 17, *et seq.*, against Defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, TDCA, and DTPA.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367.

6. Venue is proper in the United States District Court for the Southern District of Texas because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## DEFINITIONS

7. As used in reference to the FDCPA, the terms "communication", "consumer", "creditor", "debt", and "debt collector" are defined in 15 U.S.C. § 1692a.

8. As used in reference to the TDCA, the terms "consumer", "consumer debt", "creditor", "debt collection", and "debt collector", and "third-party debt collector" are defined in Texas Finance Code § 392.001.

## THE PARTIES

9. Defendant FPV is a third-party debt collection agency, a for-profit corporation believed to be headquartered in the state of Georgia and is in the business of collecting consumer debt in the Western District of Texas. The principal purpose of Defendant's business is the collection of consumer debts using the mail, telephone, and Texas Court System. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Defendant is a "third- party debt collector" as defined by Texas Finance Code § 392.001(7).

10. Defendant Javitch is a law firm engaged in the legal representation of third-party debt collection agencies, a for-profit corporation believed to be headquartered in the state of Ohio. Defendant's principal business is the collection of consumer debts using the mails and telephone, and they regularly attempt to collect consumer debts for others. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Defendant is a "third-party debt collector" as defined by Texas Finance Code § 392.001(7)

11. Plaintiff is a natural person who resides in Harris County, Texas, in the Southern District of Texas, and is a consumer as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

## FACTUAL ALLEGATIONS

12. On March 16, 2023, Javitch, representing FPV, filed suit against HASKETT in Harris County Justice of the Peace Precinct 6 Place 1 ("Court"), under Cause No. 236100114184. Said suit was styled *First Portfolio Ventures II, LLC vs. BOBBY HASKETT* ("Case").

13. Subsequently, Plaintiff retained the services of Ciment Law Firm, PLLC ("Ciment") to defend him in the Case.

14. Plaintiff answered the lawsuit by and through his attorney, Ciment.

15. On May 2nd, 2024, as they had frequently done in the past, representatives for Javitch and Ciment came to an agreement on this Case and several others. The terms of the agreement were that FPV would dismiss the Case with prejudice thereby waiving the debt and in exchange Plaintiff agreed released any and all claims for violations of any consumer laws that FPV and it's counsel may have committed, this was referred to as a Mutual Release ("MR").

16. Counsel with Javitch was draft the MR and send it to Plaintiff's counsel for review and signing.

17. Despite numerous requests over the next 16 months for Javitch to provide the MR, they failed and refused to do so, and still fails and refuses.

18. The Case is still active and pending in the Harris County Justice of the

Peace, Precinct 6, Place 1.

19. There have been trial settings on August 19, 2024, December 12, 2024 and February 10, 2025.

20. This chain events have degraded the attorney/client relationship between Ciment and HASKETT, to both parties frustration and detriment.

21. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

22. As a proximate result of the foregoing acts and omissions of the Defendants, Defendants' conduct caused Plaintiff to suffer actual concrete damages and injury, including but not limited to, emotional distress such as stress, anxiety, humiliation, annoyance, and mental anguish, for which Plaintiff should be compensated in an amount to be proven at trial.

23. The actions taken by Defendants in their collection attempts are to be interpreted under the "unsophisticated consumer" standard. See *Bartlett v. Heibl*, 128 F3d. 497, 500 (7th Cir. 1997); *Chauncey v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); and *Gammon v. GC Services, LTD. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## LEGAL AUTHORITY AND GOVERNING STATUTES

**Fair Debt Collection Practices Act (FDCPA)**

24. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, was enacted to eliminate abusive debt collection practices by debt collectors and to

5

protect consumers against unfair, deceptive, and misleading practices in the collection of debts. Relevant provisions include, but are not limited to:

    a.     15 U.S.C. § 1692e(2)(A) – prohibiting the false representation of the character, amount, or legal status of any debt;

    b.     15 U.S.C. § 1692e(10) – prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt; and

    c.     15 U.S.C. § 1692f – prohibiting unfair or unconscionable means to collect a debt.

### Texas Debt Collection Act (TDCA)

25.     The Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392, *et seq.*, prohibits the use of fraudulent, deceptive, or abusive practices in the collection of consumer debts. Relevant provisions include, but are not limited to:

    a.     Tex. Fin. Code § 392.304(a)(8) – prohibiting misrepresentation of the character, extent, or amount of a consumer debt; and

    b.     Tex. Fin. Code § 392.304(a)(19) – prohibiting the use of any other false representation or deceptive means to collect a debt.

26.     Texas Financial Code § 392.404(a) states that "A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."

### Texas Deceptive Trade Practices Consumer Protection Act (DTPA)

27.     The Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Tex.

6

Bus. & Com. Code § 17.41, *et seq.*, protects consumers from false, misleading, and deceptive business practices. Relevant provisions include, but are not limited to:

    a.    Tex. Bus. & Com. Code § 17.46(b)(12) – prohibiting representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

## RESPONDEAT SUPERIOR LIABILITY

28.    The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiff as described herein, were committed within the time and space limits and within the sphere of their respective employment in their agency relationships with their principal, the Defendants.

29.    The acts by Defendants and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

30.    By committing these acts against Plaintiff, these agents of Defendants were motivated to benefit their principal, the Defendant.

31.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions made in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## VIOLATIONS OF THE FDCPA

32. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. The Defendants' violations of the FDCPA include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. §§ 1692 e(2)(a) & 1692e(10) by using false or misleading representations in debt collection by communicating with Plaintiff and/or Plaintiff's Counsel in a deceptive manner. Specifically, Defendants misrepresented to opposing counsel that the Case was settled.

34. Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## VIOLATIONS OF THE TDCA

35. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

36. The Defendants' violations of the TDCA include, but are not limited to the following:

    a. Defendants violated Texas Finance Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding. Specifically, Defendants misrepresented to opposing counsel that the Case was settled.

    b. Defendants violated Texas Finance Code § 392.304(19) by using false or deceptive means to collect a debt. Specifically, Defendants misrepresented

to opposing counsel that the Case was settled.

37. Under Texas Finance Code § 392.403, Defendants' violations render them liable to Plaintiff for actual damages sustained as a result of Defendants' actions, injunctive relief, reasonable attorney's fees and costs, and statutory damages for each violation.

## VIOLATIONS OF THE DTPA

38. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

39. The Defendants' violations of the DTPA include, but are not limited to the following:

   a. Defendant violated Tex. Bus. & Com. Code § 17.46(b)(12) by representing that Plaintiff's alleged agreement conferred or involved obligations and remedies which it did not have or involve, and which are prohibited by law. Specifically, Defendants misrepresented to opposing counsel that the Case was settled.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff HASKETT, prays that this Court:

1. Declare that Defendants' debt collection practices violated the FDCPA.

2. Declare that Defendants' debt collection practices violated the TDCA.

3. Declare that Defendants' debt collection practices violated the DTPA.

4. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees, as provided by 15 U.S.C. § 1692k(a).

5. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, reasonable attorney's fees, and injunctive relief, as provided by Texas Finance Code § 392.403.

6. Enter judgment in favor of Plaintiff and against Defendants for actual damages, treble damages, injunctive relief, costs, and reasonable and necessary attorney's fees, as provided by Tex. Bus. & Com. Code § 17.50(b) and (d).

7. Grant such further relief as deemed just.

Respectfully submitted,

*/s/ Daniel J. Ciment*

Daniel Ciment
CIMENT LAW FIRM, PLLC
4500 Mercantile Plaza, Suite 300 Fort Worth, TX 76137
833-663-3289, ext. 1001
Daniel@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF